By the Court. Duer, J.
The referee has found that the raisins sold by the plaintiffs to the defendant, corresponded in quality and condition with the sample exhibited, and we are not prepared to say that this finding is against the weight of evidence. Hence, if the breach of the warranty, implied in the sale, were the sole defence, the motion to set aside the report would necessarily be denied.
But this is not the only defence. The raisins were sold on a credit of four months, for approved paper, and the answer alleges, in substance, that the required payment was made by a bill of exchange drawn on and accepted by the house of Eldridge & Co., of Philadelphia, and endorsed by the defendant and received by plaintiffs, in satisfaction of the purchase,, and these allegations are not only sustained by the proof, but, as not denied, are admitted by the reply.
Whether an existing debt is, in all cases, satisfied by the mere delivery to the creditor of the promissory note or acceptance of a third person, endorsed by the debtor, is a question which we deem it unnecessary to consider, and upon which the English cases and our own are not easy to be reconciled. But all the authorities agree that where such a note or bill, by the understanding and agreement of the parties, is transferred and received in payment of the debt, the prior liability of the debtor is extinguished, and it is only as an endorser that he can then be charged. We think that the pleadings and the evidence show that in this case such was the agreement of the parties.
It has been contended, however, that this objection is fully met by the allegations in the reply, and the proof upon the hearing before the referee, that the acceptors of the bill were insolvent when it reached its maturity, and that the defendant had' previously given notice to the plaintiffs that its payment would be resisted. The facts thus alleged and proved, it was argued, released the plaintiffs from their obligation to demand payment of the acceptors, and by rendering the bill valueless, revived their original demand against the defendants.
To this reasoning, however, we cannot assent. It is not sustained by the cases to which we were referred, nor by any authorities that we have been able to discover. The mere insol *139 vency of an acceptor has never been admitted to excuse a regular demand of payment, and notice of protest, as necessary to charge an endorser; and whether - such is the legal effect of the notice given by the defendant that payment of the bill would be resisted, is a question that we must decline to consider, since we are satisfied that it is only in a suit upon the bill itself that it can properly arise and be determined. It is possible that the defendant may still be liable as drawer and endorser, but we can perceive no ground for the assertion that his liability as a purchaser, which was extinguished by his transfer of the bill, has been revived by any subsequent act; such might have been the effect of the notice given by him, had it rendered the acceptance wholly void, by discharging Eldridge & Co. from the legal obligation which it created; but that such was its effect, has not been and cannot be pretended. It cannot, therefore, be said that the notice rendered the bill valueless. It diminished the probability of its payment at maturity, but had no effect whatever upon its value as' a security. Had the acceptors continued solvent, the value of their acceptance was precisely the same after the notice as before.
We are, therefore, of opinion that the referee erred in holding that the taking of the draft, accepted by Eldridge & Co., did not extinguish the liability of the defendant for the original consideration, and that this liability, if extinguished, *was revived by his subsequent conduct.
The report is therefore set aside, and the rule for a reference discharged. Costs to abide the event. The referee ought to have dismissed the complaint, but, according to a recent decision of the Court of Appeals, we have no power io dismiss it now. If the pleadings, however, remain as they are, it must necessarily be dismissed upon the trial.